45D10-2603-CT-000353
Lake Superior Court, Civil Division 6

USDC IN/ND case 2:26-cv-00189-AZ   document 3   filed 03/30/26   page 1 of 6

Filed: 3/30/2026 5:15 PM
Clerk
Lake County, Indiana

| STATE OF INDIANA | | IN THE LAKE SUPERIOR COURT |
|---|---|---|
| | SS: | |
| COUNTY OF LAKE | | CAUSE NO: |

AUSTIN TRZEPACZ,

    Plaintiff,

v.

UNITED STATES STEEL CORP.,

    Defendant.

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Austin Trzepacz, brings his Complaint against Defendant United States Steel Corporation ("US Steel") for its violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act, as amended ("ADA"). Mr. Trzepacz seeks all available relief and respectfully requests a trial by jury.

### JURISDICTION & VENUE

1. This Court has original jurisdiction of Trzepacz's claims under Ind. Code § 33-29-1.5-2, because "all superior courts have [ ] original and concurrent jurisdiction in all civil cases. . . ."

2. This Court is a proper venue for this lawsuit, under Ind. T.R. 75(A)(4) because the events giving rise to this action occurred in Lake County.

### PARTIES

3. Plaintiff Austin Trzepacz resides in Porter County, Indiana.

4. Defendant US Steel is a foreign for-profit corporation (Business ID No.

1

2002010400423) with its principal offices located in Allegheny County, Pennsylvania.

5.  The events giving rise to this action occurred in Lake County at U.S. Steel's Gary, Indiana mill where Mr. Trzepacz was employed.

## ADMINISTRATIVE EXHAUSTION

6.  On May 23, 2025, Mr. Trzepacz timely submitted his *Charge of Discrimination* to the Equal Employment Opportunity Commission alleging US Steel's violations of the ADA's prohibition on associational discrimination and retaliation.

7.  The EEOC issued Mr. Trzepacz's Notice of Right to Sue on December 30, 2025.

8.  This Complaint is timely filed within 90 days of receipt of Mr. Trzepacz's Notice of Right to Sue.

## STATEMENT OF FACTS

9.  Mr. Trzepacz worked as a maintenance technician at US Steel's Gary, Indiana location from March 2022 through his termination on February 27, 2025.

10. Mr. Trzepacz's wife has several disabilities, including Postural Orthostatic Tachycardia Syndrome (POTS) and bilateral occipital neuralgia.

11. Ms. Trzepacz's conditions cause unpredictable flare ups, during which she can have seizure-like convulsive syncope episodes.

12. During disability-related episodes, Mr. Trzepacz acts as his wife's primary caretaker.

13. Because of these responsibilities, Mr. Trzepacz applied for and was granted use of intermittent FMLA leave to care for his wife.

14. Mr. Trzepacz was initially approved for use of intermittent leave in or around June 2023, recertified in March 2024, and most recently in February 2025 for a 12-month

2

approval period.

15. Based on certifications by Mr. Trzepacz's providers, Mr. Trzepacz was approved for intermittent FMLA leave to be taken on an as-needed basis for up to 24 hours, seven times per week until leave was exhausted

16. When Mr. Trzepacz began taking his protected leave, his supervisors began to scrutinize his attendance and use of his leave.

17. This conduct resulted in several disciplinary actions in 2023 and 2024 for attendance, all of which were successfully grieved through Mr. Trzepacz's union grievance processes.

18. Then, in early 2025, his supervisors' conduct escalated. For example, they mocked Ms. Trzepacz's conditions, derided Mr. Trzepacz's leave-related absences, and questioned the legitimacy of Ms. Trzepacz's conditions.

19. For example, in or around January 22, 2025, after using his leave, Mr. Trzepacz's supervisors told him "there's no way your wife is that sick" and "I don't believe your FMLA."

20. On or around late February 2025, Mr. Trzepacz used his FMLA leave to care for his wife after a medical episode.

21. After returning to work on February 27, 2025, Mr. Trzepacz was called into a meeting with his manager and human resources representative. At this meeting, US Steel requested that Mr. Trzepacz provide them with a medical release for his wife's medical records, even though his FMLA leave was already approved through the appropriate channels. Mr. Trzepacz refused this request.

22. His manager further requested that he provide video footage from home video

systems to verify his most recent leave-related absence. Mr. Trzepacz also refused this request.

23. Mr. Trzepacz was then terminated, effective immediately.

24. Mr. Trzepacz also grieved his termination through his union, resulting in a conditional offer of reinstatement without backpay.

25. Given his supervisors' conduct and repeated instances of leave-related disciplinary action, Mr. Trezpacz felt he could not return to US Steel.

## STATEMENT OF CLAIMS

I.  **Count I – Associational Disability discrimination in violation of the ADA.**

26. Mr. Trzepacz's wife's conditions, Postural Orthostatic Tachycardia Syndrome (POTS) and bilateral occipital neuralgia, substantially limit her major life functions and bodily systems, making them disabilities as defined by the ADA.

27. Mr. Trzepacz's supervisors subjected him to taunts about his wife's disabilities, scrutinized his use of protected leave related to his wife's disabilities, and subjected him to disparate discipline up to termination because of his association with a disabled individual.

28. US Steel would not have terminated Mr. Trzepacz but-for his wife's disability.

29. US Steel's actions were taken in reckless disregard of Mr. Trzepacz's rights under the ADA.

30. Mr. Trzepacz has and continues to suffer damages as the result of US Steel's actions and inactions, the full extent of which are not yet known.

4

**COUNT II – Interference in violation of the FMLA.**

31. Mr. Trzepacz was eligible for protection under the FMLA.

32. US Steel is an employer covered by the FMLA.

33. Mr. Trzepacz was entitled to and granted leave under the FMLA.

34. US Steel interfered with Mr. Trzepacz's ability to take leave under the FMLA, including by discouraging his use of protected leave, subjecting him to disciplinary action related to his use of protected leave, and by terminating his employment.

**COUNT III – Retaliation in violation of the FMLA**

35. Mr. Trzepacz complained through his union grievance proceedings and directly to his supervisors about the disciplinary actions issued for his use of protected leave.

36. These complaints constituted protected activity.

37. Mr. Trzepacz's use of leave and his complaints about US Steel's treatment were motivating factors in US Steel's decision to terminate him.

## JURY DEMAND

As required by Ind. T.R. 38(B), Mr. Trzepacz respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Mr. Trzepacz respectfully requests that judgment be entered in his favor, and against US Steel on all claims, for its violations of the ADA and FMLA. Mr. Trzepacz seeks all available relief on his claims, including the following:

a. Back pay;

b. Front pay;

c. Compensatory and punitive damages;

d. Liquidated damages;

e. Attorney fees and costs; and

f. Prejudgment and postjudgment interest.

Respectfully submitted,

/s/ *Kathleen Bensberg*
Kathleen Bensberg
HKM Employment Attorneys LLP
320 N. Meridian St., Ste. 506
Indianapolis, IN 46204
P/F     |  (463) 261-1887
Email  |  kbensberg@hkm.com